Heidi **BRUCE**, Plaintiff,

v.

**ANTHEM INSURANCE COMPANIES, INC.,** d/b/a Anthem Blue Cross and Blue Shield, et al., Defendants.

Civil Action No. 3:15–CV–0353–D–BK.

United States District Court,
N.D. Texas,
Dallas Division.

Signed July 6, 2015.

---

**466**

James L. Johnson, The Johnson Law Firm, Dallas, TX, for Plaintiff.

Blaire Bruns Johnson, Thomas F.A. Hetherington, Edison McDowell & Hetherington LLP, Houston, TX, Amy B. Boyea, Edison McDowell & Hetherington LLP, Arlington, TX, for Defendants.

### ORDER

RENEE HARRIS TOLIVER, United States Magistrate Judge.

Pursuant to the District Court's *Order of Reference,* Doc 16, the undersigned considers Defendants' objections to making the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, Doc. 15. For the reasons that follow, Defendants' objections are **OVERRULED.**

### I. BACKGROUND

Plaintiff, Heidi Bruce, suffered from a herniated cervical disc at level C6–7. Doc. 1 at 1. Surgery was performed on November 5, 2013, involving a total disc replacement at C6–7 with a Mobi–C prosthetic device. Doc. 1 at 1. Plaintiff incurred charges of $64,919.98 for the surgery. Doc. 1 at 1. Subsequently, her claim for health benefits under a plan administered by Verizon Employee Benefits Committee [hereinafter VEBC] was denied. Doc. 1 at 2. The plan is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. [hereinafter ERISA]. Doc. 1 at 2. On February 4, 2015, Plaintiff brought this suit against Defendant, under 29 U.S.C. § 1132(a)(1)(B), alleging that the denial of benefits was an abuse of discretion. Doc. 1 at 39. Plaintiff also asks that the court order VEBC to pay to her a penalty of $110 per day, under 29 U.S.C. § 1132(c) and 29 C.F.R. § 2575.502c–1, for failure to provide plan documents. Doc. 1 at. 38.

### II. LEGAL STANDARD

Rule 26(a)(1) of the Federal Rules of Civil Procedure provides that, except as exempted by Rule 26(a)(1)(B) or otherwise stipulated or ordered by the court, a party must, without waiting for a discovery request, provide to the other parties to the action certain basic information related to claims and defenses. Rule 26(a)(1)(B)(i) exempts from the obligation to make such initial disclosures "an action for review on an administrative record."

### III. PARTIES' ARGUMENTS

Defendant contends that this case is an ERISA action involving an administrator with discretionary authority to construe plan terms, and because the Court's review is limited to the administrative record, it is "exempt from initial disclosures" under Rule 26(a)(1)(B)(i). Doc. 15 at 1 (citing *Sanborn–Alder v. Cigna Grp. Ins.,* 771 F.Supp.2d 713, 718 (S.D.Tex.2011) (noting that ERISA cases involving an administrator with discretionary authority to construe plan terms are "usually limited to the administrative record")).

In response, Plaintiff maintains that, under ERISA, her appeal of the denial of her claim for benefits is deemed a "civil action" for which discovery is allowed. Doc. 17 at 2. Plaintiff contends that she is entitled to a full review of the evidence not contained in the administrative record to determine the existence and extent of any conflict of interest. Doc. 17 at 4. Plaintiff also argues that she is entitled to discover evidence outside of the administrative record for the purpose of (1) interpreting the plan, (2) explaining medical terms, and (3) explaining procedures relating to the claim. Doc. 17 at 5.

### IV. DISCUSSION

In *Crosby v. Louisiana Health Serv. & Indem. Co.,* 647 F.3d 258, 262 (5th Cir.2011),

the Court of Appeals for the Fifth Circuit held that, in an ERISA action brought under 29 U.S.C. § 1132(a)(1)(B), a claimant may obtain discovery relating to (1) the completeness of the administrative record; (2) whether the plan administrator complied with ERISA's procedural regulations; and (3) the existence and extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan. 647 F.3d at 263. The court noted that it could envision situations where evidence needed for resolving these disputes may not be contained in the administrative record. *Id.*

Here, Defendants have objected to making the initial disclosures under Rule 26(a)(1) solely on the basis that "the Court's consideration is limited to a review of the administrative record," Doc. 15 at 1, and have not proffered any specific reasons why the initial disclosures would be inappropriate under the facts and circumstances of this case. Clearly, as indicated above, there is no blanket prohibition against discovery in actions under 29 U.S.C. § 1132(a)(1)(B). Plaintiff has indicated her intention to discover evidence that would indicate whether the administrative record is complete, whether Defendant Anthem complied with ERISA's procedural requirements, and whether Anthem is basing its denial of benefits on Plaintiff's previous disc surgery at level C5–6, Doc. 17 at 5—all permitted reasons under *Crosby.*

Moreover, according to Defendant Anthem, this is an "ERISA action involving an administrator with discretionary authority to construe plan terms." Doc. 15 at 1. Thus, the issue before the Court is whether the administrator abused its discretion. *Wildbur v. ARCO Chem. Co.,* 974 F.2d 631, 637–638 (5th Cir.1992). In making this determination, the Court of Appeals for the Fifth Circuit has sanctioned a two-step inquiry: (1) whether the administrator's interpretation of the plan was legally correct, and if not, (2) whether the administrator abused its discretion. *Id.* at 638. The Court further held that the "well-established criteria for evaluating a benefit determination under an abuse of discretion standard makes it obvious that some evidence other than that contained in the administrative record may be relevant at both steps of this process of judicial review." *Id.* Because the Court is entitled to consider evidence outside of the administrative record, the parties are logically entitled to conduct discovery to obtain such evidence.

## V. CONCLUSION

In view of the above, Defendants' *Objections to Initial Disclosures* are **OVERRULED.** Defendant Anthem is **ORDERED** to make the initial disclosures required by Rule 26(a)(1)(B) **on or before July 17, 2015.**